UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JOHN PAULINE,

    Plaintiff,

    v.                     Civil Action No. 08-1788 (RWR)

UNITED STATES OF AMERICA,
et al.,

    Defendants.

---

**MEMORANDUM ORDER**

Plaintiff John Pauline brings professional malpractice, survival and wrongful death claims against the United States and the Armed Forces Retirement Home ("AFRH") (collectively, the federal defendants), Dr. Pearson Sunderland, the Professional Services of America ("PSA"), and Viola Johnson-Robinson.[1] The defendants move for summary judgment on all of Pauline's claims arguing that Pauline's experts failed to identify a national standard of care and show that national authorities support their proposed national standard of care.

For a medical malpractice negligence claim, D.C. courts have required a plaintiff to show: 1) "the applicable standard of care," 2) "a deviation from that standard" and 3) "a causal

---

[1] On February 22, 2011, Pauline dismissed under Federal Rule of Civil Procedure 41(a) the claims against defendant Teamstaff Government Solutions Inc.

relationship between the deviation and the injury." Hill v. Medlantic Health Care Grp., 933 A.2d 314, 325 (D.C. 2007); Nwaneri v. Sandidge, 931 A.2d 466, 470 (D.C. 2007). In an action for negligence, the plaintiff bears the burden of proving the national standard of care by a preponderance of the evidence. Cárdenas v. Muangman, 998 A.2d 303, 307 (D.C. 2010); see also Frazza v. United States, 529 F. Supp. 2d 61, 69 (D.D.C. 2008) (citing Varner v. District of Columbia, 891 A.2d 260, 265 (D.C. 2006)). The D.C. Court of Appeals has "been demanding in requiring proof of a national standard of care" and requires that the plaintiff's experts articulate a clear standard and how it was violated by comparing specific standards with specific facts alleged. Clark v. District of Columbia, 708 A.2d 632, 634-35 (D.C. 1997). The expert must also link the standard asserted by the expert to national authorities or sources. Id.

Some courts have recognized that there is a lower standard for an expert's identification of a national standard of care when considered at the summary judgment stage than when the expert's testimony is considered in the directed verdict context, after the expert has testified. See Liser v. Smith, 254 F. Supp. 2d 89, 103-04 (D.D.C. 2003); see also Robinson v. Washington Metro. Area Transit Auth., 858 F. Supp. 2d 33, 41 n.7 (D.D.C. 2012) (quoting Varner, 891 A.2d at 270) ("This is a relevant distinction because, although 'the test for deciding a motion for

summary judgment is essentially the same as that for a motion for a directed verdict,' . . . [the expert's] testimony at trial, when subjected to direct and cross-examination, will provide an opportunity to resolve any ambiguity in [the expert's] statements."); Dorn v. McTigue, 157 F. Supp. 2d 37, 44 (D.D.C. 2001) ("Unlike at trial, the plaintiff opposing a summary-judgment motion does not have the burden of providing persuasive evidence on every element of her case. . . . Thus, the plaintiff has not yet had a full opportunity to prove what the national standard of care is in this case."). Under this analysis, the plaintiff's experts must assert only "a colorable basis to believe that [the expert's] testimony may satisfy" the standard for identifying the national standards of care and linking an expert's opinion to them. Liser, 254 F. Supp. 2d at 103-04; see Dorn, 157 F. Supp. 2d at 44 (requiring the expert to provide "a specific and articulated basis for his expert opinion to survive summary judgment").

Pauline designated three expert witnesses for this litigation: Barbara Darlington in nursing, Dr. Diane Mirabito in social work and Dr. Harold Bursztajn in psychiatry. Federal Defs.' Mot. for Summ. J., Ex. 7, Pl.'s Second Am. Expert Designation ¶¶ 1-3. Pauline's opposition to the defendants' summary judgment motion attaches and cites to supplemental affidavits from two of their experts -- Darlington and

Bursztajn. Mem. of P. & A. in Supp. of Pl.'s Opp'n to Defs.' Mots. for Summ. J., Exs. 1, 2. These affidavits supplement the experts' reports and depositions produced during discovery and discuss the bases for their expert opinions. In particular, both experts assert that they could refer to national authorities supporting their opinions regarding the national standard of care in this case. Id., Darlington Aff. Ex. 1 at 2; id., Bursztajn Aff. Ex. 2 at 6. However, the plaintiff did not move for leave to supplement discovery or seek to re-open discovery to supplement the experts' reports. The defendants argue that these opinions should not be considered because Federal Rule of Civil Procedure 26(a)(2) requires the plaintiff's experts to have provided a complete statement of their opinions during discovery. Federal Defs.' Reply at 14-16. That bar would limit the experts' testimony at trial to the issues addressed in the experts' reports and the experts' deposition testimony.

In order to facilitate the resolution of the summary judgment motions, the parties will be directed to file supplemental briefs regarding three issues. First, the parties shall identify the appropriate standard for identifying a national standard of care at the summary judgment stage. Second, the parties shall discuss whether the plaintiffs' supplemental expert reports should be considered at this stage, and if so, under what circumstances. Third, the parties shall assess

whether the plaintiffs' experts in all their submissions have satisfied the standard for identifying a national standard of care and showing that national authorities support their testimony regarding the national standard of care.  Accordingly, it is hereby

ORDERED that the plaintiffs file a memorandum addressing these issues by September 17, 2013.  It is further

ORDERED that the defendants respond to the plaintiffs' memorandum on these issues by October 1, 2013.

SIGNED this 27th day of August, 2013.

```
                                   /s/
                         RICHARD W. ROBERTS
                         Chief Judge
```